UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| KELVIN BEASLEY, | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV610-066 |
| | ) | | CR607-008 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Kelvin Beasley moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) For the following reasons, his motion should be **DENIED**.

## I. BACKGROUND

A federal grand jury charged Beasley by superseding indictment with (1) possession of a firearm by a convicted felon; (2) conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and a quantity of powder cocaine; (3) distribution of 26.7 grams of powder

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV610-066. "Cr. doc." refers to documents filed under movant's criminal case, CR607-008.

cocaine; (4) distribution of 57.5 grams of crack cocaine; and (5) possession of a firearm in furtherance of a drug trafficking crime. (Cr. doc. 70.) He pleaded guilty to a lesser included charge under count 2 -- conspiracy to possess and distribute 5 grams or more of crack cocaine and a quantity of powder cocaine. (Cr. docs. 105, 106, & 112 (plea agreement).) The trial judge accepted Beasley's plea and sentenced him to 218 months' imprisonment. (Cr. doc. 111.) Beasley appealed, challenging the reasonableness of the sentence, but the Eleventh Circuit affirmed, finding no error.[2] *United States v. Beasley*, 330 F. App'x 880 (11th Cir. 2009). Thereafter, he filed the present § 2255 motion, asserting the following grounds for relief:

(1) the sentencing judge erred by misinforming him of the maximum penalty for the offense;

(2) counsel misadvised him as to the maximum penalty under the plea agreement, so his plea was not knowingly and voluntarily entered;

---

[2] Specifically, Beasley argued that his sentence was "(1) procedurally unreasonable because the district court failed to consider his minor role in the offense and impermissibly took into account a gun and body armor found at his home, and (2) substantively unreasonable because his role in the crime was less than that of his co-conspirator." *Beasley*, 330 F. App'x at 881.

(3) counsel failed to raise *Kimbrough v. United States*, which would have resulted in a lower sentence;

(4) the statutory punishment applied is unconstitutional, violating his due process and equal protection rights, since the heightened punishment for crack over powder cocaine is racially discriminatory.

(Doc. 1 at 4-10.)

## II. ANALYSIS

"Under the procedural default rule, a [movant] generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else [he] is barred from presenting the claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). None of Beasley's claims were raised on appeal, though only Grounds 1 and 4 are actually defaulted. Grounds 2 and 3 are ineffective assistance of counsel claims, which are not subject to the procedural default rule and thus "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim[s] on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). As to the defaulted grounds, however, the Court need not consider them on the merits unless Beasley can establish cause and prejudice excusing his

3

default (or establish his actual innocence of the crime).[3] *Lynn*, 365 F.3d at 1234 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000). Beasley argues that his defaulted claims were not raised because his counsel ineffectually failed to raise them. It is well established that "constitutionally '[i]neffective assistance of counsel . . . is cause'" for excusing a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citations omitted). Accordingly, the Court will consider Beasley's independent ineffectiveness claims and will determine whether attorney ineffectiveness excuses the Ground 1 and 4 defaults.

Beasley was represented at trial and on appeal by Tina E. Maddox. (Doc. 1 at 10-11.) In addressing Beasley's attorney ineffectiveness claims against her, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether

---

[3] The government did not raise procedural default in its response. (Doc. 3.) Procedural default is an affirmative defense, which the government waives by failing to raise. 3 CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 596.1 (3d ed. 2004). Nevertheless, the Court is authorized to raise the issue *sua sponte*. *See Essinger v. Davis*, 44 F.3d 1515, 1524-25 (11th Cir. 1995); *Yeats v. Angelone*, 166 F.3d 255, 262 (4th Cir. 1999) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits holding that a court may raise a procedural default in the habeas context *sua sponte*).

counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Beasley must show that "'no competent counsel would have

taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Under the prejudice prong, Beasley must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

### A. Statutory Maximum Penalty (Grounds 1 & 2)

Both Grounds 1 and 2 involve Beasley's assertion that he was misinformed of the statutory maximum penalty he faced under the plea agreement. In Ground 1, Beasley contends that the sentencing judge misinformed him as to the statutory maximum penalty for the offense. (Doc. 1 at 4.) His argument, in total:

> Petitioner plea agreement required him to plead guilty to the lesser included offense charged in Count Two of the Indictment, which in this case was conspiracy to possess and distribute cocaine. A review of Petitioner's indictment succinctly show that he was

6

charged with multiple controlled substances in the same count with differing statutory maximum. As such Petitioner's statutory maximum for the lesser included offense was 0-20 years not 5-40 years as Petitioner [w]as advise by the Court. This misinformation rendered Petitioner's plea not knowing or voluntary.

(*Id.*) He argues that his default of the claim should be excused based upon his appellate counsel's ineffectiveness in failing to raise the claim on appeal. (*Id.*) In Ground 2 he directly raises an attorney ineffectiveness claim relating to the same issue:

Trial counsel failed to research the law as it relates to the plea agreement and as such misadvise Petitioner as to the maximum penalty. Counsel[']s acts and omission prejudice Petitioner.

(*Id.* at 5.[4]) The government argues that both claims fail, since Beasley was properly advised of his sentencing range.

Since Beasley is attacking the voluntariness of the plea itself in these grounds, the Court must apply a slightly modified version of the *Strickland* ineffectiveness test explained above.[5] In such cases, the Court

---

[4] He states that this claim was not raised on appeal because his attorney was ineffective. (Doc. 1 at 6.) Beasley, however, could not have raised this claim on appeal. Moreover, it is not procedurally defaulted according to *Massaro*. Accordingly, the Court need not delve into the matter.

[5] One who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly,

is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985). Where a movant enters a plea of guilty and then collaterally challenges it as involuntary due to constitutionally deficient representation, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Then he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. To meet the prejudice prong in this context, Beasley must show that there is a reasonable probability that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

---

voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam). That bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563 at 569 (1989). Hence, Beasley may only attack the plea itself, and here he does so by arguing that his trial attorney's ineffectiveness in failing to advise him of the proper sentencing range, along with the failure to raise the sentencing judge's error on appeal, undermined his plea.

Here, Beasley pled guilty to conspiracy to possess with intent to distribute 5 grams or more of crack cocaine and a quantity of powder cocaine. (Cr. doc. 112.) Under the sentencing statute, he faced 5 to 40 years of imprisonment for conspiring to possess 5 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(B) (2006). Beasley rather unpersuasively argues that he should have been sentenced based purely on the powder cocaine component of the guilty plea. (Doc. 1 at 4; doc. 4 at 1-4.) The powder cocaine component, according to Beasley, would only net him 20 years' imprisonment. Thus, his maximum sentence was 20 years, not 40 as he was advised. (Doc. 1 at 4.)

Beasley's argument runs counter to logic. He admitted that he was guilty of conspiring to distribute 5 grams or more of crack cocaine. That plea carried a sentence of up to 40 years' imprisonment, regardless of the presence or absence of any other drugs. Hence, there was no error.[6] Unsurprisingly, Beasley has found no case law supporting his view, and there is none. He cites to *United States v. Allen*, 302 F.3d 1260, 1269-76

---

[6] To find otherwise would be absurd. A multi-kilogram heroin dealer could obviate his sentence under the statute by also admitting to conspiring to distribute a small quantity of marijuana. The Court need not dignify such a patently ludicrous argument.

(11th Cir. 2002), but in that case it was unclear whether a *jury* convicted the defendant of possession of one type of drug or another. (Doc. 4 at 2.) Here, Beasley *pled guilty* to participation in a *crack cocaine* conspiracy. *Allen* thus is completely off base and offers no support for Beasley's position.

Because the trial judge and counsel properly calculated Beasley's sentencing range, his Ground 1 and 2 claims necessarily fail. Ground 1 remains procedurally defaulted, since no reasonable appellate attorney would have raised such a meritless claim on appeal. Similarly, Ground 2 fails because Beasley has not shown that trial counsel miscalculated his sentencing range. Having failed to show *Strickland* or *Hill* level deficiency, Grounds 1 and 2 should be denied.

### B. *Kimbrough* Claim (Ground 3)

In Ground 3, Beasley argues that his sentencing attorney was ineffective for failing to raise *Kimbrough v. United States*, 552 U.S. 85 (2007). *Kimbrough* held that it was per se unreasonable for a sentencing judge to refuse to vary from the sentencing guidelines in order to take

into account the sentencing disparity for crack versus powder cocaine. *Id.* at 110-12.

Beasley's claim fails for two reasons. First, the crack/powder disparity made no difference here, since his base offense level under the sentencing guidelines was determined based upon his career offender status, not the drug quantities attributed to him. (PSI ¶¶ 17, 23.) Second, nothing in the record shows that the sentencing judge was confused as to his sentencing authority. That is, even if counsel should have raised a *Kimbrough* argument, Beasley hasn't shown that he was at all prejudiced by it. While the *Kimbrough* holding permits a district judge to now consider the crack/powder disparity, it does not require the judge to reduce a defendant's sentence based upon it. *United States v. Stratton*, 519 F.3d 1305, 1307 (11th Cir. 2008). Beasley has again failed to show that counsel performed deficiently or that he was prejudiced by any such deficiency. Accordingly, this claim fails.[7]

---

[7] In his reply, Beasley concedes that the government is correct -- his base offense level was determined by referencing his career offender status, not the drug quantities attributed to him. (Doc. 4 at 4.)

## C. Racial Discrimination (Ground 4)

In his final, defaulted ground for relief, Beasley states that his due process and equal protection rights were violated. (Doc. 1 at 8.) Specifically, "[t]he statutory punishment applied in this case is unconstitutional because it[']s based on the inherently discriminatory punishment between crack and powder cocaine offenses resulting in Petitioner receiving a larger sentence based on his race." (*Id.*) As noted by the government, that "claim has been rejected squarely and repeatedly by the Eleventh Circuit" (doc. 3 at 12). *See, e.g., United States v. McNeil*, 375 F. App'x 991, 992-93 (11th Cir. 2010) (no violation of due process clause, equal protection clause, or cruel and unusual punishments clause); *United States v. Byse*, 28 F.3d 1165, 1168, 1171 (11th Cir. 1994); *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988). Accordingly, counsel had no reason to raise this claim at sentencing or on appeal. *See, e.g., Smith v. Sec'y Dep't of Corrs.*, 572 F.3d 1327 (11th Cir. 2009) (an attorney cannot be found constitutionally deficient for failing to raise claims counter to law or to anticipate changes in the law). Ground 4 thus remains procedurally defaulted.

## III. CONCLUSION

For the foregoing reasons, Beasley's § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  28th   day of October, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA